BUCKHANNAN, HAGAN AND CO., FOR THE USE OF GEORGE BUCKHANNAN, PLAINTIFFS, *v.* WILLIAM TINNIN, RALPH CAMPBELL, AND JOHN G. ANDREWS, DEFENDANTS.

*If* the marshal receives bank-notes in discharge of an execution, and the plaintiff sanctions it, either expressedly or impliedly, he is bound by it, and a motion to quash the return ought to be refused.

THIS case came up on a certificate of division in opinion, from the Circuit Court of the United States for the southern district of Mississippi.

Buckhannan, Hagan and Co. recovered a judgment in the court below against Tinnin, and issued a *fieri facias* on the 16th December, 1839. A part of the money was received in bank-notes, under the circumstances stated in the motion to quash that part of the return, upon which motion the judges were divided in opinion.

It was as follows:—

This was a motion made by plaintiff in the above entitled case, to quash so much of the marshal's return on an execution of fieri facias, which issued from the clerk's office of this court, on the 16th day of December, 1839, in favour of Buckhannan, Hagan and Co., use of George Buckhannan, against William Tinnin, Ralph Campbell, and John G. Andrews, for the sum of $4492 54, with interest from 23d of May, 1839, until paid, together with costs, as is in the words and figures following, to wit:

" Received on this execution thirteen hundred dollars, in Union money, 17th February, 1840."

And in support of said motion, said execution of *fieri facias* was read in evidence to the court, which execution of *fieri facias*, together with the return and endorsements thereon, which were also read in evidence to the court, are in the words and figures following, to wit:—

UNITED STATES OF AMERICA,       } ss.
    *Southern district of Mississippi.* }

The President of the United States, to the marshal of the southern district of Mississippi, greeting:   Whereas, at the May term, 1839, of the Circuit Court of the United States for said district, George Buckhannan, John Hagan, and Edward Whittlesey, under the firm of Buckhannan, Hagan and Co., for the use of George Buckhannan, recovered judgment against William Tinnin for the sum of $4492 54, with interest thereon at the rate of eight per cent. per annum from the 23d day of May, A. D. 1839, until paid, together with costs and charges by said plaintiffs in and about their suit in that behalf expended, whereof the said defendant was convicted, as appears to us of record.   And whereas, on the nineteenth day of June, A. D. 1839, an execution of *fieri facias* issued from our said court, directed to the marshal of said district, for the amount of said judgment, interest, and costs as aforesaid, which execution was levied on certain property of said defendant, which property was suffered to remain in possession of said defendant, upon executing a forthcoming bond according to law, with Ralph Campbell and John G. Andrews as security, which said bond was returned to our said court, at the November term thereof, A. D. 1839, by the marshal aforesaid forfeited, and thereby has the force and effect of a judgment, according to the statute in such case made and provided, as well against the said sureties as against the defendant to said original execution for said debt, interest and costs.   Now, therefore, you are hereby commanded, that of the goods and chattels, lands and tenements, of the said William Tinnin, Ralph Campbell, and John G. Andrews, late of your district, you cause to be made the amount of said judgment, interest, and costs, so recovered as aforesaid; also the sum of $89 67 including the costs accrued since the emanation of said execution, and that you have the said moneys before our said Circuit Court, at a term to be held on the first Monday of May

Buckhannan  et  al.  *v.*  Tinnin  et  al.

next, to render to the said plaintiffs; and have, also, then and there this writ.

WITNESS the Honourable Roger B. Taney, Chief Justice of the Supreme Court of the United States, at Jackson, the first [L. S.] Monday of November, A. D. 1839, and in the 64th year of the independence of the United States.

Issued the 16th day of December, 1839.

WM. BURNS, Clerk.

Endorsed.    "No security of any kind is to be taken.

WM. BURNS, Clerk.

*Marshal's Return.*

Received on this execution thirteen hundred dollars in Union money, 17th February, 1840, and balance suspended by order of plaintiffs.                                W. M. Gwin, *Marshal,*

By J. F. Cook, *Deputy.*

Fees.

| | | | | |
|---|---|---|---|---|
| Com'n $1300 | . | . | . | $19 00 |
| ½ com's on $3282 21 | . | . | . | 34 32 |
| Levy, ent'g and ret'g | . | . | | 6 50 |
| Mileage | . | . | . | 1 50 |
| | | | | $61 32 |

It was admitted that the words "Union money," in said return, signified notes of the Mississippi Union Bank, and that on the 17th day of February, 1840, said notes were worth but seventy-five cents to the dollar.

Which was all the evidence offered on the trial of said motion, which motion was contested by the said William Tinnin, Ralph Campbell, and John G. Andrews; and on the question, whether that portion of said marshal's return, which is in the words and figures following, to wit:

"Received on this execution thirteen hundred dollars in Union money, 17th February, 1840," should be quashed, the judges were opposed in opinion, which is ordered to be certified to the Supreme Court of the United States for decision.

The cause was submitted upon printed argument by *Duncan* and *Holt*, for the plaintiffs in the court below.

On a certificate to the Supreme Court, from the judges of the

United States Circuit Court for the southern district of Mississippi, that in this case they were opposed in opinion.

Upon a *fieri facias* from said court in favour of the plaintiffs against the defendants, dated 16th December, 1839, returnable on the first Monday in May, 1840, the marshal, on the 17th day of February, 1840, without the assent of the plaintiffs, received $1300 in notes of the Mississippi Union Bank, then depreciated 25 per cent.

The marshal returned that he had received Union money; and the plaintiffs moved to quash so much of the return; and it was admitted on the trial that the Union money was bank-notes of the Union Bank, and that those notes were depreciated twenty-five per cent. The District Court had uniformly quashed such returns, and the Supreme Court of the state has repeatedly quashed such returns. The circuit judge, differing in opinion, brings the question before this court.

Plaintiffs argue that the marshal had no right to receive any property in discharge of the execution, because the process required him to make money. The authority of the marshal was special, and derived from the law of the land, and the defendants and all others had notice of the extent of the powers delegated by the law to the officer; and if he took any thing but dollars, which in legal intendment must be gold and silver, he was abusing his trust and acting without authority. The marshal was bound to bring into court the dollars, not property.

Plaintiffs rely on the following authorities: 4 Howard, 404; 5 Howard, 246, 621—624; 9 Johns. 261, 262; 1 Cowen, 46; 4 Cowen, 553; 2 J. J. Marshall, 70, 71; 2 North Carolina Rep. 529; Dudley's Law and Equity R. 356; Martin's L. Acts, 205.

Upon the manner of executing process, and the forms of process and returns, and their effects in any state, the decisions of the Supreme Courts of such state are entitled to great weight, if not conclusive.

Mr. Justice DANIEL delivered the opinion of the court.

The principles ruled in the case of Thompson *v.* Griffin and Ervin as those which define the duties and should govern the conduct of the marshal in levying executions committed to his hands, have been here again considered and approved. They would be decisive also of the case now under consideration, but for two points of difference between this and the case of Thompson *v.* Griffin et al. These two points arise, 1st, upon the time intervening between the return of the marshal and the plaintiff's motion, as tending to show an acquies-

cence by the plaintiff; and, secondly, upon the additional evidence in this case amounting to proof of approbation or sanction by the plaintiff, express or implied, of the conduct of the marshal. In Thompson *v.* Griffin et al. application was made to the court at the earliest practicable period to set aside the marshal's return, and there was throughout no fact or circumstance tending to show a recognition, by the party, or a moment's acquiescence by him in the irregularity complained of. In the present case, the return of the marshal showing the receipt by him of the depreciated bank-notes bears date on the 17th February, 1840; the motion to quash was made in May, 1842. Thus an interval of more than two years was permitted to elapse between the return and the motion; a period during which the party must be presumed to have been cognisant of the return, a public and official proceeding to be found amongst the files and records of the court to which access might at all times have been had. If this fact stood alone, unassociated with and unexplained by any other, it would of itself imply at least, on the part of the plaintiff, laches and negligence in the prosecution of his interests, if not an assent by him to the acts of the officer. This fact of time, however, is by no means solitary or isolated in the evidence in this cause. The language of the return certainly imports no objection by the plaintiff or by any other to the receipt of the $1300, or to the medium in which they were collected: so far from this, when taken altogether, that language strongly implies, if it does not directly declare, that the plaintiff, or whosoever he was that took control of the matter, approved of the proceeding so far as it had gone, and objected only to a collection of the residue of the execution at that time. It should not be lost sight of either, in construing this language, that no exception to any one kind of medium, or preference for any other, is indicated in the inhibition as stated; it is a simple direction to proceed no farther. It cannot be objected to the return in question, that it is the act or declaration of the officer whose conduct in making it is impeached. Although the act of that officer, it is a sworn return, and must stand until falsified. It is introduced by the plaintiff himself in support of his motion; is indeed the only evidence he has adduced to sustain it: he relies on this return, and in so doing must take it entire; he cannot be permitted to garble it. The return must be received as stating the truth. It must be received in all its parts; and if so, it comes (especially when viewed in connection with the interval between the dates of that return and of the motion in this

case,).on the part of the plaintiff, an acquiescence if not a direct sanction, which, at this day, this court is unwilling to disturb. Great wrong might, by so late an interference, be visited upon the officer, who may have been reposing upon the conduct of this plaintiff; and the danger of a result like this is enhanced by the total absence of any thing like proof to show that the plaintiff ever refused to receive the amount collected by the marshal, and may not have actually received and applied it to his own use, or at what rate of value if so received. This court is of the opinion upon the case certified to them, that the return of the marshal of the 17th of February, 1840, should not, under the facts disclosed in this case, be quashed.

### ORDER.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and on the point and question on which the judges of the said Circuit Court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, It is the opinion of this court that the return of the marshal of the 17th of February, 1840, should not, under the facts disclosed in this case, be quashed. Whereupon, it is now here ordered and adjudged by this court, that it be so certified to the said Circuit Court.